United States District Court
District of Connecticut
FILED AT ⌐ BRIDGEPORT

2|5|04 _____ 20

Kevin F. Rowe, Clerk

By _____

Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STACY WARBOYS | : NO.: 02CV1456 (JCH) |
| | : |
| VS. | : |
| | : |
| WILLIAM PROULX, TOWN OF | : |
| EAST HARTFORD, AND MARK | : |
| SIROIS | : JUNE 18, 2003 |

## AMENDED COMPLAINT

**FIRST COUNT:** (as to Officer William Proulx; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

1.    At all times relevant herein plaintiff resided at 25 ½ Linden Street, in the Town of East Hartford, the County of Hartford, and the State of Connecticut.

2.    At all times relevant herein, the defendant, Officer William Proulx, was an officer employed by the Town of East Hartford Police Department in the Town of East Hartford, County of Hartford, and State of Connecticut.

3.    On or about May 12, 2001, the defendant, Officer William Proulx, and his K-9 "Dakota", responded to a call and entered property located on or about 25 ½ Linden Street in the Town of East Hartford, Connecticut.

4.    At all times relevant herein the plaintiff was the owner and keeper of a pitbull dog named "Blitz".

5.    Said pitbull had never attacked or injured any person.

6.    While defendant, Officer William Proulx, was walking near plaintiff's residence, the pitbull was accidentally freed from its confinement inside the residence by plaintiff's brother.

2

7.   The pitbull moved toward defendant Proulx and his K-9 "Dakota" and the brother of the plaintiff yelled to defendant Proulx "he won't hurt you", before defendant Proulx shot said pitbull.

8.   At said time and place, the plaintiff's pitbull "Blitz", had not attacked Officer William Proulx.

9.   Said pitbull had not displayed any signs of aggression toward defendant Proulx, or defendant's K-9 dog.

10.   At said time and place, the defendant, Officer William Proulx, intentionally shot and killed said pitbull "Blitz".

11.   At said time and place, the defendant, Officer William Proulx, knew or should have known that killing a family pet was likely to result in severe emotional distress and/or illness and/or, bodily harm to plaintiff.

12.   Said occurrence was due to the negligence and carelessness of the defendant, Officer William Proulx, in one or more of the following ways:

    a.   IN THAT he used a degree of force unnecessary and excessive under the circumstances, when he knew or should have known that the same would cause injury and/or death, to plaintiff's dog;
    b.   IN THAT he negligently disregarded the statements of the plaintiff's brother that the dog would not hurt him;
    c.   IN THAT he failed to exercise restraint during said incident, when in the exercise of due care, he should have done so;
    d.   IN THAT he failed to prevent injury or death to plaintiff's dog when he knew, or should have known that said injury would occur;
    e.   IN THAT he allowed said injury to occur without taking due care to prevent it.

13.   As a result of the negligence and carelessness of the defendant, Officer William Proulx, the plaintiff, Stacy Warboys, received and suffered from severe mental and emotional pain.  The plaintiff also suffered from a severe

shock to his nervous system.  From all of the aforesaid
injuries or effects thereof, the plaintiff has suffered and
will suffer great pain and mental anguish and from
nervousness, some of which injuries, or the effects thereof,
are, or are likely to be, permanent.

14.  As a result of the aforementioned injuries the
plaintiff has incurred expenses for the cremation and burial
of said dog "Blitz".

15.   As a further result of the defendant, Officer
William Proulx's negligence, plaintiff has lost the monetary
value of his pitbull "Blitz".

**SECOND COUNT**: ( as to Officer William Proulx; INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS)

1.-11.    Paragraphs 1 through 11 of the First Count are
hereby made paragraphs 1 through 11 of this, the Second Count,
as if more fully set forth herein.

12.  Said occurrence was due to the willful, wanton, and
deliberate, act by the defendant, Officer William Proulx, in
one or more of the following ways:

    a.   IN THAT defendant, Officer William Proulx, used
        a degree of force unnecessary and excessive
        under the circumstances, when he knew that the
        same would cause injury and/or death to
        plaintiff's dog;

    b.   IN THAT defendant, Officer William Proulx,
        violently shot plaintiff's dog in the head
        intending to kill it instead of attempting to
        disable the dog without causing its death;

    c.   IN THAT defendant, Officer William Proulx,
        violently shot plaintiff's dog with the
        intention to kill it, without provocation;

    d.   IN THAT defendant, Officer William Proulx,
        violently shot and killed plaintiff's dog, when
        he knew or should have known that same would
        cause emotional distress to plaintiff.

13.  As a result of the intentional act by defendant,
Officer William Proulx, the plaintiff, Stacy Warboys, received

4

and suffered from severe mental and emotional pain.  The
plaintiff also suffered from a severe shock to his nervous
system.  From all of the aforesaid injuries or effects
thereof, the plaintiff has suffered and will suffer great pain
and mental anguish and from nervousness, some of which
injuries, or the effects thereof, are, or are likely to be,
permanent.

14.  As a result of the aforementioned injuries the
plaintiff has incurred expenses for the cremation and burial
of said dog "Blitz".

15.  As a further result of the defendant's willful and
wanton acts, plaintiff has lost the monetary value of his
pitbull "Blitz".

**THIRD COUNT:** (as to Officer William Proulx; CIVIL RIGHTS
VIOLATION UNDER TITLE 42 U.S. CODE SECTION 1983)

1.  This is a civil action seeking damages against
defendants for committing acts, under color of law, which
deprived plaintiff of rights secured under the Constitution
and laws of the United States; for conspiring for the purpose
of impeding and hindering the due course of justice, with
intent to deny plaintiff equal protection of laws; and for
refusing or neglecting to prevent such deprivations and
denials to plaintiff.  The Court has jurisdiction of this
action under 42 U.S.C. Section 1983 and 28 U.S.C. Section
1343.

2.  The Court also has jurisdiction under 28 U.S.C.
Section 1331.

3.  Plaintiff Stacy Warboys is a resident and citizen of
the Town of East Hartford, State of Connecticut and United
States of America.

4.  Defendant, Town of East Hartford is a municipal
corporation organized under the laws of the State of
Connecticut.

5.  Defendant Mark Sirois was Chief of Police of the
Town of East Hartford at all times relevant to this complaint.

5

6.    Defendant Officer William Proulx was a police officer employed by the East Hartford Police Department.

7.    Plaintiff sues each and all defendants (except the Town of East Hartford) in both their individual and official capacities.

8.    At all times material to this complaint, defendant Officer William Proulx acted under color of the statutes, customs, ordinances and usage of the State of Connecticut, the Town of East Hartford and the East Hartford Police Department.

9-17.    The plaintiff realleges paragraphs 3 through 11 of the First Count as paragraphs 9 through 17 of this the Fourth Count and hereby incorporates them as though fully set forth herein.

18.    The plaintiff Stacy Warboys had an important property interest in his dog "Blitz".

19.    The defendant, Officer William Proulx, intentionally shot and killed plaintiff's dog when same was unwarranted and unnecessary.

20.    As a direct and proximate result of this action, the plaintiff, Stacy Warboys, has suffered mental pain and suffering, and depression.

21.    At all relevant times herein the defendant, Officer William Proulx, was acting under color of law and under color of his authority as an officer of the East Hartford Police Department.

22.    The acts described in this Count, of shooting and killing plaintiff's dog without cause, amounts to a violation of the plaintiff's constitutional rights under Fourth and Fifth Amendments, and his substantive due process rights under the Fourteenth Amendment to United States Constitution, and 42 U.S.C. Section 1983.

**FOURTH COUNT**: (as to the Town of East Hartford)

1-15.    Paragraphs 1 through 15 of the First Count are hereby made paragraphs 1 through 15 of this, the Fourth Count, as if more fully set forth herein.

16-19.    Paragraphs 12 through 15 of the Second Count are hereby made paragraphs 16 through 19 of this the Fourth Count as if more fully set forth herein.

20-42.    Paragraphs 1 through 22 of the Third Count are hereby made paragraphs 20 through 42 of this the Fourth Count, as if more fully set forth herein.

43.    On May 5, 2001 and for a long time prior thereto, the defendant, Town of East Hartford, was and is a municipal corporation existing under the laws of the State of Connecticut, and the defendant Mark Sirois was the Chief of Police of the East Hartford Police Department.

44.    The defendant, Officer William Proulx was an employee of the Town of East Hartford at all times relevant herein, and was acting in the performance of his duties and was within the scope of his employment, and said occurrence alleged in the First Count was not the result of any willful or wanton acts of the defendant, Officer William Proulx.

45.    Pursuant to Connecticut General Statutes § 7-465, notice was given to the Town Clerk of the Town of East Hartford on June 21, 2001 of the plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked as Exhibit "A".

46.    Pursuant to Connecticut General Statutes § 7-465, the plaintiff, Stacy Warboys, claims indemnity from the defendant, Town of East Hartford, for the carelessness and negligence of the defendant employee.

**FIFTH COUNT:** (as to Mark Sirois; GENERAL NEGLIGENCE)

1-15.    The plaintiff realleges paragraphs 1 through 15 of the First Count as paragraphs 1 through 15 of this the

Fifth Count and hereby incorporates them as though fully set forth herein.

16.  At all times relevant to this complaint defendant Officer William Proulx as a police officer of the East Hartford Police Department was acting under the direction and control of defendant Mark Sirois, Chief of Police, East Hartford Police Department.

17.  Acting under color of law and pursuant to official policy or custom, defendant Mark Sirois, knowing, recklessly, or with deliberate indifference and callous disregard of plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis defendant Officer William Proulx in his duties to refrain from;

      a.   unlawfully and maliciously using his firearm when there was no lawful justification for doing so;

      b.   conspiring to violate the rights, privileges and immunities guaranteed to the plaintiff, Stacy Warboys by the Constitution and laws of the United States and the law of the State of Connecticut; and

      c.   otherwise depriving plaintiff of his constitutional and statutory rights, privileges, and immunities.

18.  Defendant, Mark Sirois had knowledge or, had he diligently exercised his duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed.  Defendant, Mark Sirois, had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with deliberate indifference and careless disregard of plaintiff's rights failed or refused to do so.

19.  Defendant Mark Sirois directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant Officer William Proulx as heretofore described.

8

20. As a direct and proximate cause of the acts of defendant Mark Sirois as set forth in paragraphs 1 through 19 above, the plaintiff suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**SIXTH COUNT:** (as to Mark Sirois; CIVIL RIGHTS VIOLATION UNDER TITLE 42 U.S. CODE SECTION 1983)

1.-15.    The plaintiff realleges paragraphs 1 through 15 of the First Count as paragraphs 1 through 15 of this the Sixth Count and hereby incorporates them as though fully set forth herein.

16. At all times relevant to this complaint defendant, Officer William Proulx as a police officer of the East Hartford Police Department was acting under the direction and control of defendant, Mark Sirois, Chief of Police, East Hartford Police Department.

17. Acting under color of law and pursuant to official policy or custom, defendant Mark Sirois, knowing, recklessly, or with deliberate indifference and callous disregard of plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis defendant Officer William Proulx in his duties to refrain from;

        d.   unlawfully and maliciously using his firearm when there was no lawful justification for doing so;

        e.   conspiring to violate the rights, privileges and immunities guaranteed to the plaintiff, Stacy Warboys by the Constitution and laws of the United States and the law of the State of Connecticut; and

        f.   otherwise depriving plaintiff of his constitutional and statutory rights, privileges, and immunities.

18. Defendant Mark Sirois had knowledge or, had he diligently exercised his duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore

9

alleged, were about to be committed.  Defendant Mark Sirois had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly or with deliberate indifference and careless disregard of plaintiff's rights failed or refused to do so.

19.  Defendant, Mark Sirois directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant Officer William Proulx heretofore described.

20.  As a direct and proximate cause of the acts of defendant Mark Sirois as set forth in paragraphs 1 through 19 above, the plaintiff suffered severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**SEVENTH COUNT:**  (as to the Town of East Hartford)

1.-20.  Paragraphs 1 through 20 of the Fifth Count are hereby made paragraphs 1 through 20 of this, the Seventh Count, as if more fully set forth herein.

21.  Paragraphs 1 through 20 of the Sixth Count are hereby made paragraphs 21 through 40 of this the Seventh Count as if more fully set forth herein.

41.  On May 5, 2001 and for a long time prior thereto, the defendant, Town of East Hartford, was and is a municipal corporation existing under the laws of the State of Connecticut, and the defendant Mark Sirois was the Chief of Police of the East Hartford Police Department.

42.  The defendant, Mark Sirois was an employee of the Town of East Hartford at all times relevant herein, and was acting in the performance of his duties and was within the scope of his employment, and said occurrence alleged in the First Count was not the result of any willful or wanton acts of the defendant Officer Mark Sirois.

43.  Pursuant to Connecticut General Statutes § 7-465, notice was given to the Town Clerk of the Town of East

Hartford on June 21, 2001 of the plaintiff's intention to commence this action, a copy of which notice is attached hereto and marked as Exhibit "A".

    44.    Pursuant to Connecticut General Statutes § 7-465, the plaintiff, Stacy Warboys, claims indemnity from the defendant, Town of East Hartford, for the carelessness and negligence of the defendant employee.

**WHEREFORE**, the Plaintiff claims:

1. Compensatory damages; and

2. Attorneys fees and costs pursuant to 42 U.S.C. §1983

3. Such other and further relief as the Court may deem proper.

PLAINTIFF, STACY WARBOYS

By_____

Deron Freeman
Freman Law Firm
21 Oak Street, Suite 203
Hartford, CT 06106
Juris No. ct 22781

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STACY WARBOYS                          : NO.: 02CV1456 (JCH)
                                       :
VS.                                    :
                                       :
WILLIAM PROULX, TOWN OF                :
EAST HARTFORD, AND MARK                :
SIROIS                                 : JUNE 18, 2003


### DEMAND FOR RELIEF

    Money damages are sought in which the amount, legal interest or property in demand is more than FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.


PLAINTIFF, STACY WARBOYS


By_____
Deron Freeman
Freman Law Firm
21 Oak Street, Suite 203
Hartford, CT 06106
Juris No. ct 22781


13

## CERTIFICATION

This is to certify that the foregoing was mailed on this
*24th* day of June 2003 to the following:

Jay DonFrancisco, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06106

Clerk's Office
USDC – District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
Deron Freeman